IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER
                        Plaintiff,

                                                    09-cr-02-bbc
            v.

JULIE WHITE,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Julie White has moved for reconsideration of the order dated May 13, 2009, approving the probation office's request to notify her employer of her conviction of felony embezzlement.  Defendant argues that her job does not involve any fiduciary responsibilities and for that reason, should not require notification.

Standard condition no. 13 of defendant's supervised release requires defendant to "notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement." Defendant's job duties include hiring and firing employees, collecting and handling employee tax information, scheduling criminal background checks and enforcing company policy.  She

1

had to terminate an employee recently for a felony conviction. Clearly, defendant is in a position of trust and responsibility, imposing on her the obligation to inform her employer of her felony conviction. The probation office has a commensurate obligation to see that she does so.

Defendant believes that her employer will fire her as soon as it knows of her conviction. If the employer has a no-exceptions policy of firing any one who has a felony conviction, it is probable, if not certain, that defendant will lose her job. It is also the case that not informing her employer is only putting off the inevitable. Defendant's conviction is a matter of public record; she cannot pretend it does not exist. Telling her employer, in company with her supervising probation officer or by herself, is the only realistic course open to her. Given her responsibilities and the manner in which she has fulfilled them up to now, it may be that her employer will be persuaded that she should not be fired, particularly if her probation officer has an opportunity to explain to the employer the nature of defendant's efforts to change her life and take responsibility for her crime.

I agree with defendant that it is important for her to have a job if she is to pay off her restitution obligation. I believe that defendant has the potential and determination to be an exceptional employee and that it would be unfortunate for her to lose a job that she seems to be performing so well. But it is more important for her to be candid and truthful with the people for whom she works.

2

ORDER

IT IS ORDERED that defendant Julie White's motion for reconsideration of the

order entered on May 11, 2009 is DENIED.

Entered this 28th day of May, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3